## BROWN *vs.* JACKSON.

[ACTION FOR MONEY HAD AND RECEIVED.]

1. *Agreement of parties to admission of evidence.*—Where the plaintiff, in order to get a trial, agreed to admit that a witness of defendant, if present, would prove certain facts, stated in defendant's affidavit, upon a certain specified condition, and the parties went to trial, and defendant availed himself of said admission by reading in evidence the statement of what witness would prove, he thereby committed himself to the condition upon which the admission was made, and could not be permitted to withdraw that consent, after availing himself of the benefit of plaintiff's agreement, and while holding on to it.

APPEAL from City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THIS was an action for money had and received, brought by the appellee against the appellant, and was commenced by attachment on the 13th day of July, 1866.

When the case was called for trial, the defendant moved for a continuance, and as a part of his reasons therefor, alleged that one McMullen, if present, would testify, as set forth in a statement of defendant in writing and under oath. The court, as the bill of exceptions states, "decided to continue the cause, unless the plaintiff would admit that McMullen, if present, would testify in the cause, as set forth in the foregoing statement. This the plaintiff agreed to do, if the court would allow him to introduce evidence impeaching the statements of McMullen, as before set forth, without laying any predicate therefor, and thus giving him the same right he would have if McMullen had been put upon the stand, and the proper questions asked him, as a predicate for his impeachment, whereby to impeach him. The court decided to allow the plaintiff this privilege, and thereupon the court ruled the defendant to trial against his will." After much other evidence, which was conflicting, had been in-

troduced, the defendant read the foregoing statement as evidence without objection, so far as it related to McMullen. Afterwards, and in order to rebut this evidence of McMullen, plaintiff introduced one Dial, who stated that McMullen was the clerk of Brown & Ogletree. Plaintiff then asked witness if he was ever present at any conversation about the matter in controversy, between plaintiff and said McMullen, or at which they were present, to which witness replied that he never was. Plaintiff's counsel then asked witness if he himself had ever had any conversation with McMullen about the matter in controversy in this suit, and if he had, what they were ; to which question defendant objected, and his objection being overruled by the court, and the question allowed to be put to the witness, the defendant excepted. The testimony of said witness was admitted by the court against the objection of defendant, to which ruling he then and there excepted. The defendant appealed to this court and assigned as error, the overruling of defendant's objection to the question propounded to witness Dial, and in admitting the testimony of said witness.

A. R. MANNING, for appellant.
R. H. SMITH, contra.

A. J. WALKER, C. J.--The defendant in this case made an application for a continuance. The court decided to continue the case, unless the plaintiff would admit that one McMullen would, if present, prove certain facts stated in the defendant's affidavit. The plaintiff proposed to make the admission upon the condition that he should be allowed to impeach the statements of McMullen without laying any predicate therefor, thus giving him the same right he would have had if McMullen had been put on the stand, and the proper questions had been asked him as a predicate for his impeachment. . The court assented to this proposition, and the parties went into trial. Whether the admission of the plaintiff was oral or in writing is not disclosed by the bill of exceptions. We would presume it was in writing, if necessary to an affirmance of the judgment

of the court below. The effect of the agreement on the part of the plaintiff was, that the statement of what Mc-Mullen would prove, if present, should be read in evidence upon the condition that the plaintiff should be allowed to impeach the witness by proof of declarations inconsistent with the statement, without having interrogated the witness as to the making of those declarations at a specified time and place, and to a specified person. The defendant, in availing himself of the plaintiff's admission by reading in evidence the statement of what McMullen would prove, committed himself to the condition upon which the admission was made. He would not avail himself of the agreement without submitting to the condition upon which it was made. The defendant must be understood to have assented to the introduction of the impeaching evidence, and could not be permitted to withdraw that consent after availing himself of the benefit of the plaintiff's agreement, and while holding on to it.

Judgment affirmed.